IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tonya Dakari, *a/k/a* Tonya R. Dakari, ) | Case No. 3:23-cv-05884-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Broadview Federal Credit Union, *f/k/a* ) | |
| SEFCU, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's motion to dismiss. [Doc. 32.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On October 3, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Defendant's motion to dismiss be granted. [Doc. 43.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 7.] Plaintiff filed objections to the Report on October 21, 2024, and Defendant filed a reply on November 4, 2024. [Docs. 45, 46.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report

only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).

As the Magistrate Judge explained, "[t]he majority of Plaintiff's allegations involve what she describes as a breach of contract in which [Defendant] orally assured her that it would work with her if she encountered any financial or medical issues, but that when she sought its assistance for such hardships, she was ignored and thereafter defaulted on her loans." [Doc. 43 at 1–2.] In the Report, the Magistrate Judge construed the Amended Complaint as purporting to assert claims of breach of contract and a violation of the Equal Credit Opportunity Act (the "ECOA"). [*Id*. at 2.] The Magistrate Judge

2

recommends granting Defendant's motion to dismiss because Plaintiff has failed to state a claim that Defendant breached the contract, as she has failed to identify any language in the written agreement showing that Defendant had an obligation to be lenient or excuse Plaintiff's default, and because Plaintiff has failed to plead facts sufficient to demonstrate that she is a member of a protected class or that she was denied any type of credit by Defendant for a prohibited reason. [*Id.* at 3–6.] In her objections, Plaintiff generally fails to address the Magistrate Judge's conclusions regarding Defendant's motion to dismiss, and instead primarily restates the allegations in her Amended Complaint. [*See generally* Doc. 45.] However, the Court has gleaned two specific allegations of error and will address those objections.[*]

First, Plaintiff contends that the Report's statement that Plaintiff was in default is inaccurate. [*Id.* at 3.] Second, she contends that the Magistrate Judge "viewed the contract favorable to [Defendant] and not viewing that [Defendant's] contract is one sided and solely benefits them with no option or protection for [Plaintiff]." [Doc. 45 at 7.] However, in the Amended Complaint, Plaintiff concedes that she made late payments on the loans at issue. [Doc. 13 at 2.] As the Magistrate Judge noted, the crux of Plaintiff's breach of contract claim appears to be her allegation that Defendant's employees orally told Plaintiff to inform Defendant if a financial or medical issue arose and they would work out another plan for loan payments but when Plaintiff informed them of such issues, Defendant did not work with her. [Doc. 43 at 3–5.] As the Magistrate Judge concluded,

---

[*] Plaintiff has not objected to the recommendation that Defendant's motion to dismiss be granted as to Plaintiff's claim for violation of the ECOA. [*See generally* Doc. 45.] Having reviewed the Report, the record, and the applicable law regarding the ECOA claim, the Court finds no clear error. Thus, the Court accepts the Report with respect to the recommendation that Defendant's motion to dismiss be granted as to the ECOA claim.

3

Plaintiff has failed to identify any language in the written agreement demonstrating that Defendant had an obligation to work with Plaintiff to work out a different plan for loan payments.  Thus, Plaintiff has failed to identify a provision that Defendant breached, and whether the Magistrate Judge failed to acknowledge that the contract is one-sided is of no consequence.  Accordingly, Plaintiff has failed to state a claim for breach of contract, and the Court overrules Plaintiff's objections.

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, Defendant's motion to dismiss [Doc. 32] is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 5, 2025
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.